# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, WESTERN DIVISION

| | |
|---|---|
| **TROY HALLMAN,** ) | |
| ) | **Jury Trial Requested** |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **TMS INTERNATIONAL, LLC;** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Troy Hallman, who alleges the following facts, asserts the following causes of action, and seeks the following damages against Defendant TMS International, LLC.

### Parties, Jurisdiction, and Venue

1. This is a personal injury case to recover compensatory and punitive damages for severe injuries. The case is brought pursuant to this Court's diversity jurisdiction and under Alabama substantive law.

2. Plaintiff Troy Hallman is a competent, adult resident citizen of Tuscaloosa County, Alabama.

3. Defendant TMS International, LLC (hereinafter referred to as "TMS") is a corporation that was created pursuant to the laws of the State of Delaware that has its principal place of business in the State of Pennsylvania. It does substantial, continuous, and systematic business in the State of Alabama, including Tuscaloosa County, and it is registered to do business in the State of Alabama with the Alabama Secretary of State. Its registered agent for service is United Agent Group Inc., which can be served at 6 Office Park Circle #100 Mountain Brook, AL 35223.

4. Hallman seeks more than $75,000.00 in damages, exclusive of interests and costs. Because there is complete diversity of citizenship between Hallman and Defendant TMS, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1).

5. TMS has submitted to the *in personam* jurisdiction of Alabama courts, including this Honorable Court, by its registration to do business in

1

Alabama with the Alabama Secretary of State. In addition, TMS employs workers and actively does business in Tuscaloosa County (and other counties) in Alabama. TMS derives substantial revenue from its business activities in Alabama. Accordingly, TMS should and/or does reasonably expect that its business activities can and/or will have consequences within the State of Alabama.

6.   Venue is proper in the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. ' 1391(b)(2), because a substantial part of the events giving rise to the claims at issue, particularly the incident that injured Hallman, occurred within this district and division.

## Factual Allegations

7.   On April 10, 21017, Plaintiff Troy Hallman was working in the line and scope of his employment as a dump truck operator, working for Danny Gray Trucking, a subcontractor of Nucor Steel Tuscaloosa, Inc. ("Nucor"), at the Nucor facility in Tuscaloosa.

8.   Defendant TMS, also a subcontractor of Defendant Nucor, had the responsibility to load Troy's dump truck with loose scraps of metal and steel.

9.   At the aforesaid time and place, an employee and/or agent of Defendant TMS dropped an oversized piece of steel into Troy's dump truck, while Troy was in the driver's seat.

10.   As a proximate consequence of Defendant's conduct, Troy was caused to be injured and damaged as follows:

(a)   Plaintiff was caused to suffer a cervical injury, requiring a multiple level cervical fusion;
(b)   Plaintiff was caused to suffer other physical injuries the nature and extent of which are undetermined at this time;
(c)   Plaintiff has been caused and will be caused to suffer great physical pain and mental anguish as a result of his injuries;
(d)   Plaintiff's earning capacity has been caused and will be caused to be greatly diminished;
(e)   Plaintiff has been caused to suffer lost wages, past and future; and
(f)   Plaintiff has been caused to incur significant medical expenses (past, present, and future).

## **CAUSES OF ACTION**

### **Count 1:  TMS Negligence**

11. Plaintiff re-alleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges:

12. On April 10, 21017, Plaintiff Troy Hallman was working in the line and scope of his employment as a dump truck operator, working for Danny Green Trucking, a subcontractor of Nucor.

13. Defendant TMS was also a subcontractor of Nucor. Defendant TMS had a duty to exercise ordinary care to reasonably load Troy's dump truck in a safe and careful manner.

14. Defendant TMS negligently failed to exercise reasonable care while loading Troy's dump truck, and as a proximate consequence, Troy was injured and damaged as hereinafter described.

15. As a proximate consequence of Defendant TMS' negligence, Troy was caused to be injured and damaged as follows:

(a) Plaintiff was caused to suffer a cervical injury, requiring a multiple level cervical fusion;
(b) Plaintiff was caused to suffer other physical injuries the nature and extent of which are undetermined at this time;
(c) Plaintiff has been caused and will be caused to suffer great physical pain and mental anguish as a result of his injuries;
(d) Plaintiff's earning capacity has been caused and will be caused to be greatly diminished;
(e) Plaintiff has been caused to suffer lost wages, past and future; and
(f) Plaintiff has been caused to incur significant medical expenses (past, present, and future).

WHEREFORE, Plaintiff demands a monetary judgment against Defendant TMS in an amount which will fairly compensate him for his injuries and damages. Further, Plaintiff requests that the Court enter judgment consistent with the verdict and that it also award him interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## **Count 2: TMS Wantonness**

16. Plaintiff re-alleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges:

17. On April 10, 21017, Plaintiff Troy Hallman was working in the line and scope of his employment as a dump truck operator, working for Danny Green Trucking, a subcontractor of Nucor.

18. Defendant TMS was also a subcontractor of Nucor. Defendant TMS had a duty to exercise ordinary care to reasonably load Troy's dump truck in a safe and careful manner.

19. Defendant TMS wantonly failed to exercise reasonable care while loading Troy's dump truck, and as a proximate consequence, Troy was injured and damaged as hereinafter described.

20. As a proximate consequence of Defendant TMS' wantonness, Troy was caused to be injured and damaged as follows:

   (a) Plaintiff was caused to suffer a cervical injury, requiring a multiple level cervical fusion;
   (b) Plaintiff was caused to suffer other physical injuries the nature and extent of which are undetermined at this time;
   (c) Plaintiff has been caused and will be caused to suffer great physical pain and mental anguish as a result of his injuries; and
   (d) Plaintiff's earning capacity has been caused and will be caused to be greatly diminished;
   (e) Plaintiff has been caused to suffer lost wages, past and future; and
   (f) Plaintiff has been caused to incur significant medical expenses (past, present, and future).

WHEREFORE, Plaintiff demands a monetary judgment against Defendant TMS in an amount which will fairly compensate him for his injuries and damages. Plaintiff also seeks a monetary judgment against Defendant TMS in an amount which will adequately reflect the amount of wrongdoing on the part of Defendant and prevent similar wrongs. Further, Plaintiff requests that the Court enter judgment consistent with the verdict and that it also award him interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury for all issues involved in this cause.

Respectfully submitted,

s/ Derrick A. Mills
ROGER L. LUCUS (ASB2555S80R)
DERRICK A. MILLS (ASB9656C62M)
Attorneys for Plaintiff Troy Hallman

**OF COUNSEL:**

MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway, Suite 600-D
Birmingham, AL 35209
(205) 879-1981 (Telephone)
(205) 879-1986 (Facsimile)
rlucas@mrblaw.com
dmills@mrblaw.com

## REQUEST FOR SERVICE

Plaintiff Troy Hallman requests that the Clerk immediately issue a summons pursuant to F.R.C.P. 4(e)(1) and A.R.C.P. 4(i)(2) for the following Defendant to be served at the following address by certified mail at the following address:

TMS International, LLC
c/o United Agent Group Inc.
6 Office Park Circle #100
Mountain Brook, AL 35223

s/ Derrick A. Mills
Of Counsel for Plaintiff